Andrew F. Dixon, Esq.
Nevada Bar No. 8422
BOWLER DIXON & TWITCHELL LLP
3137 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89120
Telephone: (702) 436-4333
Facsimile: (702) 260-8983
andrew@bdtlawyers.com

and

Jonathan G. Polak (Pro Hac Vice)
M. Zach Gordon (Pro Hac Vice)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Email: jpolak@taftlaw.com
       zgordon@taftlaw.com

*Attorneys for Plaintiff*
*Michigan Licensed Beverage Association*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHIGAN LICENSED BEVERAGE ASSOCIATION, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>AREP, INC. d/b/a ACE BARTENDING ACADEMY, a Nevada corporation,<br><br>Defendant. | Case No.: 2:12-cv-00611-PMP-RJJ<br><br>**AGREED MOTION FOR COURT APPROVAL OF CONSENT DECREE PURSUANT TO STIPULATION** |

Plaintiff, Michigan Licensed Beverage Association ("MLBA"), and Defendant, AREP, Inc. d/b/a Ace Bartending Academy ("AREP"), jointly move this Court to approve the attached Consent Decree Pursuant to Stipulation (the "Consent Decree") negotiated between MLBA and AREP through the parties' settlement discussions, and to otherwise incorporate the terms of the Consent Decree into an order dismissing this action.

///

This is an action by Plaintiff against Defendant for, among other things, allegations that Defendant incorrectly and without authorization used Plaintiff's valuable trademarks in the course and scope of Defendants' business in violation of the Lanham Act and various state laws and common laws. AREP has always denied any wrongful conduct and denied MLBA's allegations of liability. The parties have since reached resolution of those claims and counterclaims existing in this action and through that negotiation have reached certain agreements concerning the scope and nature of AREP's future activities relative to certain of MLBA's trademarks.

The parties have already executed a written settlement agreement, the effectiveness of which is contingent on this Court's approval of the attached Consent Decree.

Approval of the Consent Decree is consistent with the standards established for approval of such instruments. In general, a court should enter and approve a consent decree if it is "consistent with the statute the consent [decree] is to enforce and fairly resolves the controversy in a manner consistent with the public interest." *Citizens for a Better Env't v. Gorsuch*, 713 F.2d 1117, 1128 (D.C. Cir. 1983) (citing *United States v. Trucking Employers, Inc.*, 561 F.2d 313, 317 (D.C. Cir. 1977)), *cert. denied*, 467 U.S. 1219 (1984)). "Thus the function of the reviewing court is not to substitute its judgment for that of the parties to the decree, but to assure itself that the terms of the decree are fair and adequate and are not unlawful, unreasonable, or against public policy." *United States v. District of Columbia*, 933 F.Supp. 42, 46-47 (D.D.C. 1996) (citations omitted).

The Court should be guided by the principle that "[f]ew public policies are as well established as the principle that courts should favor voluntary settlements of litigation by the parties to a dispute." *American Sec. Vanlines v. Gallagher*, 782 F.2d 1056, 1060 (D.C. Cir. 1986) (citations omitted)). "Not only do settlement agreements 'produce a substantial savings in

judicial resources,' but they also 'promote efficient use of private resources by reducing litigation and related costs.'" *Wright v. Foreign Serv. Grievance Bd.*, 503 F.Supp.2d 163, 176 (D.D.C. 2007) (quoting *American Sec. Vanlines*, 782 F.2d at 1060). "In order to encourage these public policies, 'settlement agreements are to be upheld whenever possible.'" *Id.* (quoting *American Sec. Vanlines*, 782 F.2d at 1060).

The Consent Decree before this Court satisfies all applicable standards and should be entered. The Agreement is "consistent with the statute the consent [decree] is to enforce, and it fairly and reasonably resolves the controversy in a manner consistent with the public interest. *Gorsuch*, 718 F.2d at 1117. The Agreement resolves disputes between MLBA and AREP that are within the Court's subject matter jurisdiction and within the general scope of the case made by the pleadings.

WHEREFORE, the parties jointly request that this Court approve the Consent Decree Pursuant to Stipulation attached hereto as Exhibit A, and for all other just and proper relief.

Respectfully submitted,

| | |
|---|---|
| *s/Jonathan G. Polak* | *s/Ryan Gile* |
| Jonathan G. Polak | Ryan Gile |
| M. Zach Gordon | WEIDE & MILLER, LTD. |
| TAFT STETTINIUS & HOLLISTER LLP | 7251 W. Lake Meade Blvd., Ste. 530 |
| One Indiana Square, Suite 3500 | Las Vegas, NV 89128 |
| Indianapolis, IN 46204 | Tel.: (702)-382-4804 |
| Tel.: (317) 713-3500 | Fax: (702)-382-4805 |
| Fax: (317) 713-3699 | rgile@weidemiller.com |
| jpolak@taftlaw.com | |
| zgordon@taftlaw.com | *Counsel for AREP d/b/a Ace Bartending Academy* |
| *Counsel for Plaintiff, Michigan Licensed Beverage Association* | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of August, 2012, a copy of the following document entitled: **AGREED MOTION FOR COURT APPROVAL OF CONSENT DECREE PURSUANT TO STIPULATION** was duly served via United States Mail, in a postage prepaid envelope, upon:

Ryan Gile
WEIDE & MILLER, LTD.
7251 W. Lake Meade Blvd., Ste. 530
Las Vegas, NV 89128
*Counsel for Defendant, AREP d/b/a*
*Ace Bartending Academy*

And also by personally transmitting a copy of same via the Court's CM/ECF Internet system to their respective registered email site.

                                        /s/ Celeste A. Guinn
                                        Celeste A. Guinn, an employee of Bowler
                                        Dixon & Twitchell LLP

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MICHIGAN LICENSED BEVERAGE )
ASSOCIATION, )
)
                Plaintiff, )
)
vs. )   Case No.: 2:12-cv-00611-PMP-RJJ
)
AREP, INC. d/b/a ACE BARTENDING )
ACADEMY, )
                Defendant. )
)

## CONSENT DECREE PURSUANT TO STIPULATION

The Court, having read and considered the Joint Stipulation re Entry of Proposed Consent Decree that has been executed by Plaintiff, Michigan Licensed Beverage Association, ("MLBA"), and Defendant, AREP, Inc., d/b/a/ Ace Bartending Academy ("AREP") in this action:

1.    This is an action for damages and other appropriate relief arising out of Defendant's alleged violations of the Lanham Act, 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), 15 U.S.C. § 1116 and 15 U.S.C. § 1117, as well as Defendant's alleged common law trademark infringement. The trademarks that are the subject of this action are United States Registration No. 3,274,609 for "alcohol management certification card" in International Class 16 and "Providing training services in the field of alcohol management" in International Class 41 for the trademark TAM CARD and United States Registration No. 1,333,709 for "Educational Services to Licensed Liquor Establishments" in International Class 41 for the trademark TAM (collectively the "TAM Registrations").

EXHIBIT A

2. MLBA sells its goods and services under the well-known TAM and TAM CARD trademarks (collectively the "TAM Trademarks") throughout the United States. MLBA has widely advertised and sold its TAM and TAM CARD trademarked goods and services throughout the United States for many years in conjunction with identification, advertising and marketing material that feature the TAM trademarks.

3. MLBA filed its Complaint in this case on April 13, 2012. AREP filed its Answer and Counterclaims on May 31, 2012. MLBA Answered AREP's Counterclaims on June 22, 2012. In an effort to resolve their differences, MLBA and AREP have reached a settlement, and as part of that settlement, have stipulated to this Consent Decree.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

4. This Court's subject-matter jurisdiction is based on 28 U.S.C. §1338(a) and (b) (Acts of Congress pertaining to trademarks and related actions), 15 U.S.C. §1051, et seq. (Federal Lanham Act), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the federal and state common law and the statutory law of the state of Nevada. MLBA and AREP (the "Parties") consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

5. Service of process was properly made on Defendant.

6. The TAM Registrations, and more generally the TAM Trademarks, relate primarily to the core business of MLBA, namely the conducting of seminars and conference in the licensed beverage retail and restaurant industries on the topic of alcohol management and the resulting alcohol management certification card.

7. MLBA alleges that Defendant AREP has used the TAM Trademarks in its business and marketing efforts, specifically in connection with its business of conducting of educational and training seminars on the topic of alcohol management.

8. MLBA has asserted that AREP has made unauthorized uses of the TAM trademarks in its business and that such use infringes on MLBA's rights in those marks AREP has denied those allegations.

9. Nonetheless, AREP has made the following representations to the Court and to MLBA:

    (a) AREP acknowledges the current validity and exclusive ownership by MLBA of the TAM Registrations and the TAM Trademarks and MLBA's rights to the use of TAM Trademarks for the goods and services stated in the TAM Registrations.

    (b) AREP AFFIRMATIVELY REPRESENTS AND ACKNOWLEDGES THAT THE TAM REGISTRATIONS AND TAM TRADEMARKS ARE EXPRESSLY NOT GENERIC OR OTHERWISE INVALID AS OF THE DATE OF THE EXECUTION OF THIS AGREEMENT, AND EXPRESSLY WAIVES ANY RIGHT TO MAKE THE ARGUMENT THAT MLBA'S TAM REGISTRATIONS AND THE TAM TRADEMARKS ARE GENERIC OR OTHERWISE INVALID AT ANY TIME IN THE FUTURE REGARDLESS OF WHATEVER PUBLIC POLICY ARGUMENTS MIGHT EXIST TO THE CONTRARY (WHICH ARE HEREBY EXPRESSLY WAIVED).

10. AREP and its affiliates, subsidiaries, officers, agents, servants, and employees, and all others aiding, abetting or in active concert or participation therewith, are permanently enjoined as follows:

    (a) AREP may not, individually or in conjunction with any third party, whether or not though counsel, engage in conduct detrimental to the validity of the TAM Trademarks, the TAM Registrations or MLBA's ownership of the TAM Trademarks or the TAM Registrations. AREP individually, or in conjunction with any third party, whether or not though counsel, is further prohibited from:

(i) opposing or petitioning to cancel, or assisting anyone else in opposing or petitioning to cancel, MLBA's existing or future registration(s) in the TAM Trademarks;

(ii) challenging, causing to be challenged or assisting any third-party in challenging the validity of the TAM Trademarks or MLBA's ownership or rights in or to the TAM Trademarks, in any way, including but expressly not limited to the assertions that the TAM Trademarks are allegedly generic or have become generic;

(iii) knowingly conducting business with, owning an interest in, or obtaining control of any entity, individual or third party that takes any action that AREP is prohibited for taking pursuant to the terms and/or conditions set forth in this Consent Decree.

11. This Consent Decree shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors, representatives and assigns. The benefits and covenants conferred by or agreed to under this Consent Decree shall be binding upon any person or entity(ies) acquiring substantially all of the assets of either of the Party's business relevant to this Consent Decree.

12. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Subject to any contractual agreements between the parties, which are not waived, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way against any person not a Party to this Consent Decree.

13. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

14. If MLBA believes that AREP is in violation of the terms of this Consent Decree, MLBA shall give written notice to AREP, identifying the nature of the violation that has occurred or is occurring, and a minimum of ten (10) days from date such written notice is delivered to address and cure the identified violation(s) before filing to enforce this Consent Decree.

15. This Consent Decree shall be deemed served upon AREP at the time of its execution by the Court.

16. This Consent Decree shall constitute the final judgment between MLBA and AREP. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58, subject to the other provisions herein relating to the continuing jurisdiction and authority of this Court.

SO ORDERED THIS _ 30th day of August, 2012.

_____
United States District Judge, District of Nevada

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *Michigan Licensed Beverage Association v. AREP d/b/a Ace Bartending Academy*, 2:12-cv-00611-PMP-RJJ (D. Nev.).

MICHIGAN LICENSED BEVERAGE ASSOCIATION

Date: 8-7-12

*[signature]*

SCOTT ELLIS
Executive Director
Michigan Licensed Beverage Association,
920 North Fairview
Lansing, Michigan 48912

AREP D/B/A ACE BARTENDING ACADEMY

Date: 8-1-12

*[signature]*, President AREP, inc

Printed Name: DAVID DOLINSKY, President, AREP, INC

Title: President

2251 N. Rampart Blvd., Box 393
Las Vegas, NV 89128

APPROVED AS TO FORM:

*[signature]*

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
(317) 713-3500 - Telephone
(317) 713-3699 - Facsimile

Counsel for Michigan Licensed Beverage Association

*[signature]*

Ryan Gile
WEIDE & MILLER, LTD.
7251 W. Lake Meade Blvd., Ste. 530
Las Vegas, NV 89128
(702)-382-4804 - Telephone
(702)-382-4805 – Facsimile

Counsel for AREP d/b/a Ace Bartending Academy

1678867.1

6

AREP